# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| DAVID WADE CLARK,<br>Plaintiff | CIVIL ACTION NO. 1:19-CV-335-P |
| VERSUS | JUDGE DEE D. DRELL |
| CONCORDIA PARISH<br>CORRECTIONAL FACILITY,<br>Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by pro se Plaintiff David Wade Clark ("Clark"). Clark is a pretrial detainee at the Concordia Parish Correctional Facility ("CPCF") in Ferriday, Louisiana. Clark complains that he was denied adequate medical care in violation of the Constitution.

Because Clark does not provide sufficient facts to state a medical care claim, he must AMEND his Complaint. (Doc. 1).

## I. Background

Clark alleges that he punched a wall in his dorm, causing damage to his hand. (Doc. 1, p. 3). Although Clark heard his finger "crack," he thought nothing of it due to prior discomfort in his hand. (Doc. 1, p. 3). When Clark noticed his hand swelling and turning red, he wrote a medical request and was transported to River Medical Center in Ferriday. (Doc. 1, p. 3). Clark states that his hand was fractured in three different areas. (Doc. 1, p. 3).

After being treated at the hospital, Clark's hand worsened. Days later, his fingers became numb and swelling increased. (Doc. 1, p. 3). Lt. Taylor took pictures of Clark's hand and "brought [Clark] some random antibiotic from another person." (Doc. 1, p. 4). The following day, Clark was transported to Jennings Hospital where he was diagnosed with a staph infection. Clark complains that, when he was transported back to CPCF, he was denied antibiotic ointment. (Doc. 1, p. 4).

## II. Instructions to Amend

Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with deliberate indifference to the serious medical needs of prisoners. See Farmer v. Brennan, 511 U.S. 825, 834, (1994); Estelle v. Gamble, 429 U.S. 97, 105 (1976). Deliberate indifference "is an extremely high standard to meet." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." Domino v. Tex. Dep't Crim. J., 239 F.3d 752, 756 (5th Cir. 2001) (quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)).

According to his Complaint, Clark was transported to the hospital for medical treatment twice in one week—on March 1 and March 5, 2019. Clark should state what treatment was provided at the hospital. Because Clark alleges that he is being denied medical care, he must amend his Complaint to state each date on which he requested and was denied care. Clark should state what medical care he believes he

needs that he is not receiving. Clark should also identify what injury he suffered as a result of the alleged deprivation of medical care.

Cark only names CPCF as the Defendant. (Doc. 1, p. 3). Jails are not "persons" subject to liability under § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). A parish jail is "not an entity, but a building." Wetzel v. St. Tammany Parish Jail, 610 F. Supp. 2d 545, 549 (E.D. La. 2009); Jones v. St. Tammany Parish Jail, 4 F.Supp.2d 606, 613 (E.D. La. 1998) (dismissing the St. Tammany Parish Jail with prejudice); Dale v. Bridges, No. 3:96–CV–3088–AH, 1997 WL 810033 at *1 n. 1 (N.D. Tx. Dec. 22, 1997) (Dallas County Jail is not an entity capable of being sued). Therefore, Clark should identify each individual he alleges denied him medical care; state how each individual acted with deliberate indifference to Clark's serous medical needs; and state how Clark was harmed by each individual's actions.

III. Conclusion

Because Clark must allege additional facts to support a medical care claim, IT IS ORDERED that Clark file an amended complaint within 30 days of the date of this Order specifically providing the information outlined above, or dismissal of this action will be recommended under Rule 41(b) of the Federal Rules of Civil Procedure.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 14th day of May, 2019.

Joseph H.L. Perez-Montes
United States Magistrate Judge