a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DAVID WADE CLARK, Plaintiff | CIVIL ACTION NO. 1:19-CV-335-P |
| VERSUS | JUDGE DEE D. DRELL |
| CONCORDIA PARISH CORRECTIONAL FACILITY, Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint and several Amended Complaints under 42 U.S.C. § 1983 (Docs. 1, 8, 15, 16) filed by *pro se* Plaintiff David Wade Clark ("Clark"). Clark is a pretrial detainee who was housed at the Concordia Parish Correctional Facility ("CPCF") when he filed the Complaint. Clark alleges that he was denied adequate medical care in violation of the Constitution; was wrongfully placed in segregation following a shakedown; and experienced the loss of personal property at CPCF. Clark names as Defendants Lance Moore, George Byrnes, Lt. Taylor, Macky Stockstill, CPCF, and the Medical Staff at CPCF. (Doc. 16).

Because Clark cannot state a claim against CPCF and its medical department, his claims against those entities should be DENIED and DISMISSED WITH PREJUDICE. Additionally, Clark's claims for lost or stolen property, and for his placement in segregation, should be DENIED and DISMISSED WITH PREJUDICE. Clark's medical care claim against the remaining Defendants will be served according to a separate order.

I. <u>Background</u>

Clark alleges that he broke his finger when he punched a wall in his dorm. (Doc. 1, p. 3). Although Clark heard his finger "crack," he thought nothing of it due to prior discomfort in his hand. (Doc. 1, p. 3). When Clark noticed his hand swelling and turning red, he wrote a medical request and was transported to River Medical Center in Ferriday the following day. (Doc. 1, p. 3). Clark states that his hand was fractured in three different areas. (Doc. 1, p. 3).

After being treated at the hospital, Clark's hand worsened. Days later, his fingers became numb and swelling increased. (Doc. 1, p. 3). Clark alleges that he wrote daily requests for medical treatment from March 2-5, 2019, which were ignored. (Doc. 16, p. 1). Finally, Lt. Taylor "brought [Clark] some random antibiotic from another person." (Doc. 1, p. 4).

On March 6, 2019, Clark was transported to Jennings for a court appearance. (Doc. 16). When he arrived in Jennings, Clark was transported to Jennings Hospital, where he was diagnosed with cellulitis and a staph infection. (Doc. 16, p. 1). Clark alleges that he was prescribed oral antibiotic, antibiotic ointment, and instructed to follow up with a doctor in 48 hours. (Doc. 16, p. 1).

Clark was not examined by the physician at CPCF until March 14, 2019, and Defendants did not provide him with any of the prescribed medication. (Doc. 16, p. 1).

On March 29, 2019, Clark was transported to Ochsner in Monroe, Louisiana. Clark alleges that radiology reports indicated a fracture and osteomyelitis. (Doc. 16,

p. 1).  He was prescribed clindamycin four times per day for six weeks.  (Doc. 16, p. 1).  Clark alleges that he was not transported to his follow up appointment scheduled for April 19, 2019, and he was not provided the antibiotic as directed.  (Doc. 16, p. 1).

Clark alleges that he submitted eight requests for medical treatment in the month of April 2019, which were unanswered.  (Doc. 16, p. 1).  Although Warden Moore and Chief Byrnes saw Clark's finger and claimed they would "get it handled," Clark's requests for medical care were ignored.  (Doc. 16, pp. 1-2).

On May 10, 2019, Clark asked Chief Byrnes to bring him to the medical department.  According to Clark, Defendant Stockstill said there was nothing wrong with Clark's finger.  (Doc. 16, p. 2).

On June 7, 2019, Clark was examined at Ochsner in Monroe.  (Doc. 16, p. 2).  According to the medical records submitted by Clark, lab results indicated osteomyelitis.  (Doc. 16-1, p. 5).  Clark was to follow up around July 19, 2019.

Clark alleges that his condition has worsened because of the denial or delay of medical care and antibiotics, and amputation may be required.

Clark filed supplemental documents with complaints unrelated to his medical treatment.  In an Amended Complaint, Clark alleges that he was placed in lockdown for one week "for absolutely no reason at all" following a shakedown  (Doc. 8).  In a letter to the Court (Doc. 15), Clark alleges that some of his property was lost or stolen by other inmates following the shakedown in the dorm.

II. Law and Analysis

A. Clark's Complaint is subject to screening under 28 § 1915A.

Title 28 U.S.C. § 1915A provides for the preliminary screening of lawsuits filed by prisoners seeking redress from an officer or employee of a governmental entity. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Section 1915A(b) provides for *sua sponte* dismissal of a complaint, or any portion thereof, if a court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

B. Clark cannot state a claim against CPCF or its medical department.

Cark names CPCF and its medical staff as Defendants. (Doc. 1, p. 3). Jails are not "persons" subject to liability under § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). A parish jail is "not an entity, but a building." Wetzel v. St. Tammany Parish Jail, 610 F. Supp. 2d 545, 549 (E.D. La. 2009); Jones v. St. Tammany Parish Jail, 4 F.Supp.2d 606, 613 (E.D. La. 1998) (dismissing the St. Tammany Parish Jail with prejudice); Dale v. Bridges, No. 3:96–CV–3088–AH, 1997 WL 810033 at *1 n. 1 (N.D. Tx. Dec. 22, 1997) (Dallas County Jail is not an entity capable of being sued).

Likewise, to the extent he wishes to sue the medical department at CPCF, his claim fails. A department within a prison facility is not a person subject to suit under § 1983. Oladipupo v. Austin, 104 F.Supp.2d 626, 641 42 (W.D. La. 2000); Marsden v. Federal B.O.P., 856 F. Supp. 832 (S.D.N.Y. 1994); Powell v. Cook Co. Jail, 814 F.

4

Supp. 757, 758 (N.D. Ill. 1993); McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890, 893 (E.D. Va. 1992); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D. N.C. 1989).

### C. Clark cannot recover damages for his lost property.

In a letter to the Court, Clark alleges that his personal property was lost or stolen following a shakedown while he was in administrative segregation. (Doc. 15). The Due Process Clause of the Fourteenth Amendment provides: "[N]or shall any State deprive any person of . . . property, without due process of law." U.S. Const. amend. XIV. However, the random and unauthorized deprivation of a plaintiff's property does not result in a violation of procedural due process rights if the state provides an adequate post-deprivation remedy. See Parratt v. Taylor, 451 U.S. 527, 544 (1981); Hudson v. Palmer, 468 U.S. 517 (1984). Even in instances where an intentional deprivation occurs, if an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated. Hudson, 468 U.S. at 532.

The United States Court of Appeals for the Fifth Circuit has recognized that Louisiana law provides an adequate remedy for both intentional and negligent deprivations of property. See Hutchinson v. Prudhomme, 79 F. App'x 54, 55 (5th Cir. 2003); Copsey v. Swearingen, 36 F.3d 1336, 1342–43 (5th Cir. 1994); Marshall v. Norwood, 741 F.2d 761, 764 (5th Cir. 1984). Clark's state law remedy for the alleged negligent or intentional destruction of his property lies in a suit for damages in state court. Therefore, to the extent Clark intended the letter to serve as another amended complaint (Doc. 15), his claim regarding lost property should be dismissed.

### D. Clark fails to state a claim regarding his placement in segregation.

Clark states that he was wrongfully placed in administrative segregation following a shakedown in which knives and cell phones were discovered. Clark states that he spent one week in segregation. (Doc. 8).

A liberty interest in avoiding restrictive conditions of confinement exists only if the conditions impose an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Sandin v. Conner, 515 U.S. 472, 484 (1995); Gibbs v. Grimmette, 254 F.3d 545, 548 n. 1 (5th Cir. 2001) (applying Sandin to the due process claim of a pretrial detainee); Rhine v. City of Mansfield, 499 F. App'x 334, 335 (5th Cir. 2012); Hernandez v. Velasquez, 522 F.3d 556, 563 (5th Cir. 2008). Clark does not allege any conditions of his limited time in segregation that are atypical or significant and would implicate a due process liberty interest.

### III. Conclusion

Because Clark cannot state a claim against CPCF and its medical department, his claims against those entities should be DENIED and DISMISSED WITH PREJUDICE. Additionally, Clark's claims for lost or stolen property and placement in segregation should be DENIED and DISMISSED WITH PREJUDICE. Clark's medical care claim against the remaining Defendants will be served according to a separate order.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof,

unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this  12th  day of September 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE